UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NETWORK CAPITAL ALLIANCE, a division of SOVEREIGN BANK,**    Petitioner,    vs.    **TRANTHAM EXCAVATING, INC.; and JOHN TRANTHAM, individually and as President of Trantham Excavating, Inc.,**    Respondents. | }<br>}<br>}<br>}<br>}  **CASE NO. 2:10-cv-01220-SLB**<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} |

## **MEMORANDUM OPINION**

This case is currently before the court on petitioner Network Capital Alliance's ("NCA") Petition for Relief from Judgment and for Stay of Execution. (Doc. 1.)[1] In the Petition, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure,[2] NCA asks that this court review and set aside a judgment entered against it on May 26, 2009, by the Circuit Court of Blount County, Alabama, in the case styled *Network Capital Alliance, et al v. Trantham Excavating, Inc. et al*, No. 2003-167 (the "Underlying Case"). (*See id.* at ¶ 1 & Ex. C.) NCA further asks, pursuant to Rule 62(b)(4) of the Federal Rules of Civil

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Rule 60(b) states in pertinent part that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Procedure,³ that this court stay execution and enforcement of the judgment entered against it in the Underlying Case pending this court's decision regarding its Rule 60(b)(6) Petition. (*Id.* at ¶ 2.)  For the reasons stated below, the court is of the opinion that NCA's Petition for Relief from Judgment and for Stay of Execution is due to be denied.

## DISCUSSION

It is well established that "'[a] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings,'" *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)), and "[i]f the court finds that it does not have subject matter jurisdiction, 'the court's sole remaining act is to dismiss the case for lack of jurisdiction,'" *id.* (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Supreme Court of the United States has made clear that federal district courts lack subject matter jurisdiction where a party merely seeks the review of a final determination of a state court proceeding.  *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923).  Instead, the review of final judgments of state court proceedings is reserved for the Supreme Court of the

---

³ Rule 62(b) states in pertinent part that, "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment–or any proceedings to enforce it–pending disposition of any of the following motions: . . . (4) under Rule 60, for relief from a judgment or order." Fed. R. Civ. P. 62(b)(4).

United States. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Together, these cases make up the *Rooker-Feldman* doctrine. The doctrine applies when four criteria are satisfied:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

*Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1265, 1265-66 n.11 (11th Cir. 2003) (citations omitted).

In the instant case, regarding the first element of the *Rooker-Feldman* doctrine, NCA is the same party as in the Underlying Case. (*Compare* Doc. 1 at ¶ 3, *with id.* at Ex. C.) As to the second factor, in the Circuit Court of Blount County's May 26, 2009 Order, the court specifically stated that it heard the evidence prior to entering judgment, (*see id.* at Ex. C); thus, the court finds that the ruling was a final judgment on the merits. With respect to the third criterion, because "a party's ability to raise a claim on appeal constitute[s] a reasonable opportunity to raise the claim," *Blue Cross & Blue Shield of Md., Inc. v. Weiner*, 868 F.2d 1550, 1555 (11th Cir. 1989) (citing *Wood v. Orange County*, 715 F.2d 1543, 1548 (11th Cir. 1983)), NCA had a reasonable opportunity to raise its claim in the state court proceeding.[4]

---

[4] Although NCA argues that it "had no knowledge the [May 26, 2009] Order [entered against it in the Underlying Case] even existed until demand was made thereon well after the deadline for appeal had expired," (Doc. 1 at ¶ 19), in such instances, Rule 77(d) of the Alabama Rules of Civil Procedure specifically allows for an extension of time to file a notice of appeal, *see* Ala. R. Civ. P. 77(d). And, even assuming NCA failed to receive notice of the May 26, 2009 Order in time to file

Lastly, concerning the fourth element, in that NCA's Petition asks this court to directly review and overturn the Circuit Court of Blount County's May 26, 2009 Order, (*see* Doc. 1 at ¶ 1), it is without question that the issue before this court is inextricably intertwined with the state court's judgment. *See Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) ("A federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring))). Accordingly, because the court is of the opinion that all four criteria of the *Rooker-Feldman* doctrine are present, this court finds that it lacks subject matter jurisdiction over NCA's Petition for Relief from Judgment and for Stay of Execution. Therefore, the Petition, (Doc. 1), is due to be denied, and the case is due to be dismissed.

**CONCLUSION**

For the foregoing reasons, the court finds that it lacks subject matter jurisdiction over NCA's Petition for Relief from Judgment and for Stay of Execution. The Petition, (Doc. 1),

---

a notice of appeal, even with the extension, NCA could have filed, pursuant to Rule 60 of the Alabama Rules of Civil Procedure, a motion for relief from judgment or order *in the Underlying Case*, rather than with this court. *See* Ala. R. Civ. P. 60. Finally, even assuming the Circuit Court of Blount County were to find NCA's Rule 60 motion to be untimely, i.e. not filed "within a reasonable time," *see* Ala. R. Civ. P. 60(b), it remains, as stated above, that the review of final judgments in state court proceedings is reserved for the Supreme Court of the United States, *see Feldman*, 460 U.S. at 476; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005) (holding that 28 U.S.C. "§ 1257, as long interpreted, vests authority to review a state court's judgment solely in th[e Supreme] Court [of the United States]") (citations omitted).

is thus due to be denied, and the case is due to be dismissed. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

**DONE**, this 28th day of May, 2010.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE